

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
11/14/2019

| | | |
|---|---|---|
| IN RE | § | |
| | § | CASE NO. 19-34372 |
| MILANCO, LLC | § | CHAPTER 7 |
| | § | |
| DEBTOR | § | JUDGE EDUARDO V. RODRIGUEZ |

**ORDER GRANTING TRUSTEE'S MOTION TO: (a) SELL REAL PROPERTY FREE AND CLEAR OF LIENS AND CLAIMS PURSUANT TO 11 U.S.C. § 363(b) and (f); (b) PAY BROKER COMMISSIONS AT CLOSING and (c) PAY DEBTOR FOR EXEMPTION CLAIM**

(Docket Number  23  )

1.     On October 22, 2019, the Trustee (also "Grantor") filed the Motion to Sell Real Property Free and Clear of Liens and Claims Pursuant to 11 U.S.C. § 363(b) and (f); and Pay Broker Commissions at Closing (the "Sale Motion"). The Sale Motion sought Court approval of a sale of the real property and improvements located at 12800 Briar Forest Drive #111A, Houston, Texas 77077 (the "Property") to Fred Trotter ("Buyer" or "Grantee") for the sum of $160,000.00, subject to the terms and conditions as set forth in the One to Four Residential Contract (Resale) attached to the Sale Motion (the "Sales Contract").

2.     The Sale Motion was served on the Debtor; counsel for the Debtor; the Trustee; the United States Trustee; all creditors; all parties in interest and all persons entitled to notice on the same day as the Sale Motion was filed.

3.     On October 28, 2019, the Court entered an Order authorizing the Trustee's employment of BK Global Services Real Estate Services and RE/MAX Westside ("Broker"), real estate brokers, to assist with the marketing and sale of the Property [Docket Number 24].

4.     The relief sought in the Sale Motion was unopposed.

5.     Based on the applicable law, any evidence adduced by the parties, the arguments of counsel, and the entire record in this bankruptcy case, the Court finds that the relief requested in the Sale Motion is in the best interests of the bankruptcy estate and its creditors and therefore should be granted as set forth herein.

**Jurisdiction and Venue**

6.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. The Sale Motion and the related proceedings are core proceedings under 28 U.S.C. § 157(b). Venue is proper in the Court under 28 U.S.C. §§ 1408 and 1409.

7.     The statutory predicates for the relief sought in the Sale Motion are 11 U.S.C. §§ 105(a), 363 and 330. The Sale Motion is governed procedurally by Federal Rule of Bankruptcy Procedure 6004.

**Notice**

8.     As evidenced by the certificate of service filed with the Court proper and timely notice of the Sale Motion, and any notice of hearing thereon if applicable, has been provided to all parties entitled to

notice thereof, in compliance with the applicable provisions of the United States Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the local rules and orders of the Court. Such notice constitutes good and sufficient notice under the particular circumstances. No other notice need be given for the granting of the relief requested in the Sale Motion or entry of this Order.

9. A reasonable opportunity to object or be heard with respect to the Sale Motion has been afforded to all interested persons and entities, including (a) all parties on the operative official service list maintained in this bankruptcy case, (b) the Office of the United States Trustee, (c) the Trustee, (d) known creditors of the Debtors holding liens or security interests in the real property to be sold, (e) all applicable federal, state, and local regulatory or taxing authorities, recording offices, or any governmental entity that have a reasonably known interest in the relief requested in the Motion, and (f) all entities who have filed a notice of appearance and request for service of papers in this bankruptcy case.

### The Sale Transaction

10. The Trustee is hereby authorized to sell the Property to Buyer on the terms and conditions set forth in the Sales Contract. The sale shall be free and clear of all liens, claims, interests, and encumbrances pursuant to 11 U.S.C. § 363(f).

11. The Trustee and Buyer have acted in good faith with regard to all aspects of the sale of the Property. Neither the Trustee nor the Buyer have engaged in any conduct that would cause or permit the application of 11 U.S.C. § 363(n) to the sale. Buyer qualifies as a good faith purchaser in accordance with 11 U.S.C. § 363(m), and, as such, is entitled to all of the protections afforded thereunder. Absent a stay pending appeal, the Buyer will be acting in good faith within the meaning of § 363(m) in closing the sale transaction contemplated by this Order.

12. The purchase price to be paid to the Trustee (a) is fair and reasonable; (b) constitutes the highest and best offer for the Property; (c) will provide a greater recovery for the estate's creditors than would be provided by any other practical available alternative; and (d) constitutes reasonably equivalent value and fair consideration for the Property.

13. The sale of the Property is in the best interest of the estate, its creditors, and all parties in interest. The Trustee has demonstrated good, sound, and sufficient business purpose and justification, and it is a prudent exercise of business judgment to sell the Property on the terms and conditions set forth in this Order.

14. The Trustee is authorized to consummate the sale of the Property free and clear of all liens, claims, interests and encumbrances as set forth herein ("Encumbrances") because one or more of the standards enumerated in 11 U.S.C. § 363(f) have been satisfied. All parties with Encumbrances in the Property who did not object to the Sale Motion are deemed to have consented pursuant to §363(f)(2).

15. The closing of the sale contemplated in this Order will not subject the Buyer to any debts, liabilities, obligations, commitments, responsibilities, or claims of any kind or nature whatsoever, whether known or unknown, contingent or liquidated, or otherwise, existing as of the closing, of or against the Debtors, the bankruptcy estate, or any other person by reason of such transfer based on any legal or equitable theory, including liabilities based on any theory of antitrust or successor or transferee liability.

ACCORDINGLY, THE COURT ORDERS THAT:

### General Provisions

16. The relief requested in the Sale Motion, as may be modified or expanded upon by this Order, is granted in its entirety.

17. All parties in interest have had a reasonable opportunity to object to the relief requested in the Sale Motion. Parties that filed objections but failed to appear are deemed to have waived their objections. To the extent that such objections have not been withdrawn, waived or settled, such objections and all reservations of right included therein are overruled on the merits. The parties who did not object or who withdrew their objections are deemed to have consented to the sale transaction contemplated under this Order.

### Approval of the Sale

18. The Trustee's sale of the Property to the Buyer is approved pursuant to 11 U.S.C. §§ 105(a) and 363.

19. The Trustee is authorized under 11 U.S.C. §§ 105(a) and 363 to perform his obligations under this Order and to execute such other documents and take such other actions that are reasonably necessary to effectuate the transaction contemplated by this Order.

### Transfer of the Property Pursuant to 11 U.S.C. § 363(f) and Disposition of Proceeds

20. At closing, the Property shall be transferred to the Buyer, free and clear of all liens, claims, interests, and/or encumbrances pursuant to 11 U.S.C. § 363(f), with such liens, claims, interests, and/or encumbrances attaching to the proceeds of sale in the same order, priority and validity as they existed prior to the sale; provided, however, the Property remains subject to all *ad valorem* property taxes for the calendar year in which the sale closes, except to the extent actually paid at closing, with the tax lien securing payment of such remaining attached to the Property. Payment of *ad valorem* property taxes for the calendar year of closing is assumed by the Buyer.

21. At closing, the Trustee and/or any closing agent, are hereby expressly authorized, empowered and directed to pay the following from the proceeds of sale:

   i. The outstanding mortgage against the Property, with such amount being paid to FCI Lenders Services, Inc.;
   ii. Any outstanding property taxes and a *pro rata* portion of current year property taxes;
   iii. Escrow fees;
   iv. Fees for a title commitment;
   v. Fees for tax statements or certificates;
   vi. Fees for preparation of the deed or other sale related documents;
   vii. Recording fees;
   viii. Realtor commissions/fees provided for herein;
   ix. Any outstanding amounts due to a homeowner's association and a *pro rata* portion of current year obligation
   x. Survey costs;
   xi. Delivery/filing charges and
   xii. All other usual and customer closing costs/fees.

22. All parties (including all debt security holders, equity security holders, governmental, tax, and regulatory authorities, lenders, trade and other creditors) holding liens or claims against the bankruptcy estate, the Debtor or the Property, whether legal or equitable, secured or unsecured, matured or unmatured,

contingent or non-contingent, senior or subordinated, arising before the closing are prohibited from asserting, prosecuting, or otherwise pursuing such claims or liens against the Buyer or the Property.

23.     The Property is conveyed "AS IS, WHERE IS" AND IN ITS PRESENT CONDITION WITH ALL FAULTS, WITH NO REPRESENTATIONS, WARRANTIES, PROMISES, COVENANTS, AGREEMENTS OR GUARANTIES OF ANY KIND OR CHARACTER WHATSOEVER, WHETHER STATUTORY, EXPRESS OR IMPLIED, WITH RESPECT TO THE QUALITY OR CONDITION OF THE PROPERTY, THE INCOME TO BE DERIVED THEREFROM, THE SUITABILITY OF THE PROPERTY FOR ANY AND ALL ACTIVITIES AND USES WHICH GRANTEE MAY CONDUCT THEREON, COMPLIANCE BY THE PROPERTY WITH ANY LAWS, RULES, ORDINANCES OR REGULATIONS OF ANY APPLICABLE GOVERNMENTAL AUTHORITY, HABITABILITY, MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE OF THE PROPERTY, OR OTHERWISE WITH RESPECT TO THE PROPERTY, AND SPECIFICALLY, THAT GRANTOR HAS NOT MADE AND DOES MAKE ANY REPRESENTATIONS REGARDING THE PRESENCE OR ABSENCE OF ANY HAZARDOUS SUBSTANCES (as hereinafter defined) ON, UNDER OR ABOUT THE PROPERTY OR THE COMPLIANCE OR NONCOMPLIANCE OF THE PROPERTY WITH THE COMPREHENSIVE ENVIRONMENTAL RESPONSE, COMPENSATION AND LIABILITY ACT, THE SUPERFUND AMENDMENT AND AUTHORIZATION ACT, THE RESOURCE CONVERSATION RECOVERY ACT, THE FEDERAL WATER POLLUTION CONTROL ACT, THE FEDERAL ENVIRONMENTAL PESTICIDES ACT, THE CLEAN WATER ACT, THE CLEAN AIR ACT, ANY APPLICABLE STATE NATURAL RESOURCES CODE, WATER CODE, OR SOLID WASTE DISPOSAL ACT, THE HAZARDOUS SUBSTANCES SPILL PREVENTION AND CONTROL ACT, ANY SO CALLED FEDERAL, STATE OR LOCAL "SUPERFUND" OR "SUPERLIEN" STATUTE, OR ANY OTHER STATUTE, LAW, ORDINANCE, CODE, RULE, REGULATION, ORDER OR DECREE REGULATING, RELATING TO OR IMPOSING LIABILITY (INCLUDING STRICT LIABILITY), OR STANDARDS OF CONDUCT CONCERNING ANY HAZARDOUS SUBSTANCES (collectively, the "Hazardous Substance laws").  For purposes of this Assignment of Interests, the term "Hazardous Substances" shall mean and include those elements or compounds which are contained on the list of hazardous substances adopted by the United States Environmental Protection Agency and the list of toxic pollutants designated by Congress or the Environmental Protection Agency or under any Hazardous Substance laws.

24.     The sale of the Property pursuant to this Order will vest the Buyer with valid and indefeasible title to the Property, and will be a legal, valid, and effective transfer of the Property, free and clear of all liens, claims, interests, and encumbrances including but not limited to those items set forth in this Order.

### Payment of Professionals and Disposition of Sales Proceeds

25.     The Trustee and/or closer is hereby authorized to pay Broker a commission of 6% on the gross sales price of the Property at closing.  The Trustee and/or closer is further authorized to split that commission between the broker for Buyer and Seller per the Sales Contract and associated agreements.  All amounts paid to the Broker are on a full and final basis.

26.     After paying all amounts authorized herein the closing agent shall remit the net sales proceeds for the Property to the Trustee.

### Miscellaneous Provisions

27.     This Order (a) is and shall be effective as a determination that, on the closing date, all liens, claims, interests, and encumbrances including but not limited to those items set forth in this Order have

been unconditionally released, discharged, and terminated in each case as to the Property and (b) is and shall be binding on and shall govern acts of all entities, including all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of fees, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities, who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments that reflect the Buyer is the owner of the Property free and clear of liens, claims, interests, and encumbrances including but not limited to those items set forth in this Order.

28. The Buyer shall have no liability or responsibility for any liability or other obligation of the Debtors or the bankruptcy estate arising under or related to the Property. Without limiting the generality of the foregoing, the Buyer shall not be liable for any claims against the Debtors or any of its predecessors or affiliates, and the Buyer shall have no successor, transferee, or vicarious liabilities of any kind or character, whether known or unknown, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtors or any obligations of the Debtors arising before the closing, including liabilities on account of any taxes arising, accruing, or payable under, out of, in connection with, or in any way relating to the Debtors before the closing.

29. Absent a stay pending appeal, no person shall take any action to prevent, enjoin or otherwise interfere with consummation of the transactions contemplated in or by this Order.

30. Each and every federal, state, and local governmental agency or department is hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by this Order.

31. Except as otherwise provided for herein, if any person or entity that has filed financing statements, mortgages, *lis pendens,* Notices of Lien or other documents or agreements evidencing a claim, lien or interest in the Property shall not have delivered to the Trustee or the closing agent before the closing (in proper form for filing and executed by the appropriate parties) termination statements, instruments of satisfaction and/or releases of all interests that the party has concerning the Debtors or the Property then (a) the Trustee is authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the party concerning the Property and (b) the Buyer is authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of the release of such claim, lien or interest in the Property.

32. The terms of this Order shall be binding on and inure to the benefit of the Buyer, the Debtors, the Trustee, creditors and all other parties in interest, and any successors of such parties, including any trustee or examiner appointed in this case or any subsequent or converted case of the Debtors under chapter 7 or chapter 11 of the Bankruptcy Code.

33. In the absence of a stay pending appeal, in the event the Buyers and the Trustee elect to consummate the transactions contemplated by this Order, then with respect to the transactions approved and authorized herein, the Buyer, as a purchaser in good faith within the meaning of 11 U.S.C. § 363(m), shall be entitled to the protections of § 363(m) in the event this Order or any authorization contained herein is reversed or modified on appeal.

34. The Trustee is authorized to execute any and all documents necessary to consummate the foregoing.

Signed: November 13, 2019